UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER G. WALKER,

          Petitioner,

-vs-                                              Case No.  8:04-cv-1073-T-17TGW

SECRETARY, DEPARTMENT OF CORRECTIONS,

          Respondent.

_____

## **ORDER**

This cause is before the Court on pro se prisoner petitioner Christopher G. Walker's 28 U.S.C. § 2254 petition for writ of habeas corpus. Walker challenges his conviction and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.

BACKGROUND

Walker was charged in case no. 91-17020CFANO with attempted first degree murder and attempted armed robbery. Walker proceeded on an amended information to jury trial held March 24-26, 1992. Walker was found guilty as charged. On April 14, 1992, Walker was adjudicated guilty in accordance with the verdicts and sentenced to sixty (60) years in prison for the attempted first degree murder. A concurrent prison term of 15 years was imposed on the attempted armed robbery count. Walker appealed, claiming error in sentencing. On July 8, 1994, the state district court reversed the 60-year sentence [for attempted first degree murder]. Walker v. State, 639 So.2d 1030 (Fla. 2d DCA 1994). The decision provides, in relevant part:

> A jury convicted Christopher Walker of attempted premeditated murder with a firearm and attempted robbery with a firearm. As his sole point on appeal, Walker challenges his sentence of sixty years' imprisonment for attempted murder. Walker argues that, under section 775.082(3)(a), Florida Statutes (1991), the trial court could not impose a sentence exceeding forty years' imprisonment. We agree and reverse.
>
> Premeditated murder is [a] capital felony. § 782.04(1)(a), Fla.Stat. (1991). Attempted premeditated murder is a first degree felony that is reclassified to a life felony when the defendant carries a firearm. §§ 775.087(1)(a), 777.04(4)(a), Fla.Stat. (1991); Strickland v. State, 437 So.2d 150, 151 (Fla.1983); Williams v. State, 407 So.2d 223, 224- 225 (Fla. 2d DCA 1981). A person convicted of a life felony may be punished "by a term of imprisonment for life or by a term of imprisonment not exceeding forty years." § 775.082(3)(a), Fla.Stat. (1991).
>
> The amended information referenced a life felony, and charged Walker with attempted premeditated murder, "by shooting at [the victim] with a firearm." The jury found Walker guilty as charged and also specifically found that he had used a firearm. The amended information and the verdict form establish that Walker was charged with and convicted of a life felony. Whenever a court sentences a defendant for a life felony, and opts for a term of years instead of life imprisonment, it may impose a sentence no harsher than forty years' imprisonment. Greenhalgh v. State, 582 So.2d 107, 108 (Fla. 2d DCA 1991), citing Blackshear v. State, 480 So.2d 207 (Fla. 1st DCA 1985). Walker's sixty-year sentence exceeds the statutory limit. We reverse the sentence and remand to the trial court with directions to sentence Walker to a term of imprisonment not exceeding forty years for the attempted murder conviction.
>
> Reversed and remanded. . . . .

Walker v. State, 639 So.2d at 1030-1031.

Walker was resentenced to forty-years incarceration on the attempted first degree murder count. A consecutive prison term of fifteen years was imposed on the attempted armed robbery count. Walker appealed the resentencing judgment, alleging that having his sentences run consecutively was error. On September 20, 1996, the state district court of appeal affirmed the resentencing judgment without opinion in case no. 95-0815. Walker v.

State, 681 So. 2d 286 (Fla. 2d DCA 1996)[table]. The mandate issued October 21, 1996. Following the silent affirmance, Walker did not seek certiorari review in the United States Supreme Court.

On October 27, 1997, Walker filed a pro se motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. By order filed April 22, 1998, his rule 3.850 motion was summarily denied. Walker appealed, and on July 31, 1998, the state district court of appeal affirmed in case no. 98-2372. Walker v. State, 715 So.2d 1065 (Fla. 2d DCA 1998). The opinion states, in relevant part:

> Christopher Walker challenges the trial court's denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. It is his principal contention that he was convicted of a nonexistent crime, attempted felony murder. Because Walker's judgment became final before the supreme court determined that the crime of attempted felony murder did not in fact exist, he is not entitled to relief and this court must affirm. In Walker v. State, 639 So.2d 1030 (Fla. 2d DCA 1994), this court affirmed Walker's convictions but reversed for resentencing. His judgment became final upon the issuance of this court's mandate affirming his convictions on August 1, 1994, before the decision in State v. Gray, 654 So.2d 552 (Fla. 1995), which determined that the crime of attempted felony murder did not in fact exist. The supreme court thereafter announced in State v. Woodley, 695 So.2d 297 (Fla. 1997), that the holding of Gray was limited to those cases whose judgments were not final on the date Gray issued.
>
> To prevent his judgment of conviction from becoming final after the affirmance by this court, Walker would have been obligated to pursue further appellate remedies to challenge the judgment of conviction at that time, and not at such time as his sentence became final after remand. See State v. McKinnon, 540 So.2d 111 (Fla. 1989), clarified on other grounds, State v. Roberts, 661 So.2d 821 (Fla. 1995) (discussing the jurisdiction of the trial court to resentence on remand while discretionary jurisdiction is invoked in the supreme court challenging a district court's affirmance of a judgment of conviction). Therefore, upon the issuance of this court's mandate on August 1, 1994, Walker's judgment became final before the supreme court's decision in Gray. We affirm the trial court's denial of Walker's other claims without discussion.

> Affirmed. . . . .

Walker v. State, 715 So.2d at 1065. The mandate in case no. 98- 2372 issued August 19, 1998.

Walker filed a pro se motion to correct illegal sentence dated November 3, 2001, under Florida Rule of Criminal Procedure 3.800(a). By order filed June 5, 2002, the rule 3.800(a) motion was summarily denied. Walker appealed the denial, and on August 21, 2002, the state district court per curiam affirmed without opinion in case no. 2D02-2772. Walker v. State, 829 So. 2d 222 (Fla. 2d DCA 2002)[table]. Following denial of rehearing, the mandate issued October 15, 2002.

Walker filed another pro se rule 3.800(a) motion dated January 29, 2003. This application was summarily denied as successive. Walker appealed the denial, and on October 22, 2003, the state district court of appeal per curiam affirmed with citation only in case no. 2D03-2673. Walker v. State, 861 So. 2d 36 (Fla. 2d DCA 2003)[table]. Following denial of rehearing, the mandate issued December 11, 2003.[1]  Walker improperly sought review of the silent affirmance for which jurisdiction did not lie. Accordingly, on January 20, 2004, his petition was dismissed. Walker v. State, 868 So. 2d 526 (Fla. 2d DCA 2004)[table].

## PETITION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in

---

[1] A previous mandate, inadvertently issued before disposal of the rehearing motion, was recalled.

custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

For purposes of § 2244(d), finality of the state judgment in Walker's case was achieved by December 19, 1996 -- i.e., expiration of the time for filing a certiorari petition following the September 20, 1996, affirmance of the resentencing judgment. See generally, Clay v. United States, 123 S.Ct. 1072, 1075 (2003). Thus, Walker's AEDPA one-year time-clock began December 20, 1996. Thereafter, Walker allowed more than an aggregate period of one year to elapse in which he did not have a state collateral petition pending in state court that would toll his limitation period.

Some ten months which was not tolled elapsed before Walker filed his rule 3.850 motion on October 27, 1997. This collateral petition is treated as "properly filed" for tolling purposes only. See Section 2244(d)(2); Artuz v. Bennett, 531 U.S. 4 (2000). His rule 3.850 motion, however, was not "pending" a sufficient amount of time to render the federal petition timely.

The mandate in the ensuing appeal [of the summary rule 3.850 denial] issued August 19, 1998. An additional period of several years elapsed before Walker filed his November 3, 2001, rule 3.800(a) motion. Treating this application as "properly" filed for

tolling purposes only, and for that matter his 2003 rule 3.800(a) motion, will not assist Walker in avoiding the AEDPA statute of limitations. These collateral petitions were filed after expiration of the federal limitations period and cannot toll that period because there was no period remaining to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (rejecting theory that limitations period was reinitiated upon filing of a timely rule 3.850 motion outside one-year limitations period); Webster v. Moore, 199 F.3d at 1259 (rejecting argument that AEDPA limitations period tolled for time period prisoner had availed himself of new rule setting two-year limit for ineffective assistance of appellate counsel claims).

## EQUITABLE TOLLING NOT APPLICABLE

The Eleventh Circuit has held that 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar. Therefore, the Court has concluded that the statute permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Steed v. Head,  219 F.3d 1298 (11th Cir. 2000) (citing Sandvik v. United States, 177 F.3d 1269, 1270, 1271 (11th Cir. 1999)). The 'extraordinary circumstances' standard applied in this Circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction. See Helton v. Sec. for the Dept. of Corr., 259 F.3d 1310, 1314-15 (11th Cir. 2001).[2]

---

[2] The Eleventh Circuit has rejected most claims for equitable tolling because of the difficult burden attendant with such claims. See Diaz v. Crosby, 362 Fed.3d 698 (11th Cir. 2004).

Walker does not allege extraordinary circumstances that would prevent a timely filing and does not assert a sufficient basis upon which to conclude he used due diligence in seeking federal habeas corpus relief. In addition to the delays occurring prior to expiration of the limitations period, Walker unreasonably delayed in filing his federal petition after issuance of the mandate in the appeal from denial of his 2001 rule 3.800(a) motion. Walker offers no satisfactory explanation for his unreasonable delays; nor does he plead facts showing such delays were unavoidable to justify further inquiry into equitable tolling.

Furthermore, the Court finds the Respondent's arguments relative to the merits of Walker's claims persuasive and adopts and incorporates those arguments herein.

Accordingly, the Court orders:

That Walker's petition for writ of habeas corpus is denied. The Clerk is directed to terminate all pending motions, to enter judgment against Walker, and to close this case.

ORDERED at Tampa, Florida, on April 5, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record

Christopher G. Walker, Pro se